# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kirk Poeppe, | No. CV-18-1828-PHX-JJT (DMF) |
| Plaintiff, | |
| v. | **SCHEDULING AND DISCOVERY ORDER** |
| Corizon Health Services LLC, et al., | |
| Defendants. | |

Plaintiff, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court ordered Defendants Corizon Health Services LLC, Ende, Myers, and Hadadu to answer the Complaint (Doc. 8). Defendants Corizon Health Services LLC, Ende, and Myers have now answered (Doc. 18).

This is a civil rights action filed by an individual who is incarcerated and who is without counsel. Therefore, this case is exempted from the requirements of Rule 26(f), Federal Rules of Civil Procedure, which requires the parties to file a Rule 26(f) statement prior to the issuance of a scheduling order. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f). Additionally, initial disclosures are not required in actions brought without counsel by a person in the custody of a state or a state subdivision. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Therefore, the Court will not require the parties to submit an initial disclosure statement.

The parties are put on notice that the following schedule is firm and shall not be modified except upon a showing of good cause and by leave of the Court.

**IT IS ORDERED** that the parties shall comply with the following deadlines and discovery orders:

1. Any motion seeking dismissal of Plaintiff's claims or judgment as a matter of law on Plaintiff's claims based on an assertion that Plaintiff failed to administratively exhaust his claims shall be brought no later than **December 9, 2018**.

2. All motions to amend the complaint or to add parties shall be filed by **November 9, 2018**.

3. Last day by which discovery requests may be submitted (discovery request cutoff date) is **February 7, 2019**.

   3.1. No discovery requests may be submitted after this date except by stipulation of the parties or by Court order for good cause shown.

   3.2. Responses to discovery must be filed within the time provided by the rules unless the parties stipulate otherwise.

4. If Defendants desire to take Plaintiff's deposition they may do so by no later than **January 8, 2019**.

   4.1. Leave of Court for the taking of such deposition is granted pursuant to Rule 30(a)(2), Federal Rules of Civil Procedure. The deposition may be taken by telephone at the option of Defendants.

5. Dispositive motion deadline is **April 8, 2019**. If Defendants file a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure based on Plaintiff's failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a) and the Court denies that motion, Defendants may file a second motion for summary judgment without requesting permission from the Court. Otherwise, no party may file more than one motion for summary judgment under Rule 56 unless permission is first obtained from the Court.

6. Proposed joint pretrial order lodged with the Court by **April 18, 2019**, or 30 days after the Court's ruling on the last dispositive motion, if any, that does not dispose of the case, whichever is later.

    6.1. Defendants are responsible for initiating the drafting and submission of the proposed pretrial order in the form prescribed by the assigned trial judge.

  7. Limits on discovery.

    7.1. Interrogatories:  No more than 25 (including subparts) by each party to any other party.

    7.2. Requests for production of documents:  No more than 15 from each party to any other party.

    7.3. Requests for admissions:  No more than 10 from each party to any other party.

    7.4. Depositions:  Because of the logistical problems involved, self-represented incarcerated parties may not take depositions without prior Court permission. Such permission will not be granted except upon a showing of exceptional circumstances.

  8. Discovery disputes.

    8.1. The Court will not entertain motions to compel discovery, motions for sanctions, motions for protective orders, or the like unless and until there has been compliance with the following procedure:  In the event of a dispute over discovery, the parties must confer in good faith, in person or by telephone and attempt to resolve the dispute. Rule 37(a), Federal Rules of Civil Procedure; LRCiv 7.2(j), Rules of Practice of the U.S. District Court for the District of Arizona.  If the dispute remains unresolved, the parties must arrange and participate in a telephonic conference with the undersigned judge prior to bringing any discovery motions.

    8.2. All motions regarding discovery shall be filed by **March 19, 2019**.

Pending before the Court is Plaintiff's Motion to Extend All Deadline (Doc. 21). Plaintiff states that he has not been able to access NEFs in this matter and requests that all deadline be extended by 90 days.  Since no previous deadlines were set in this matter, Plaintiff's motion will be denied as moot.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Extend All Deadline (Doc. 21), as moot.

Dated this 10th day of September, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge