LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
TELEPHONE: (602) 271-7700
FACSIMILE:  (602) 258-7785
Sarah L. Barnes /Bar No. 020362
E-mail: slb@bowwlaw.com
kel@bowwlaw.com

Attorneys for Defendant Charles L. Ryan

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kirk Poeppe<br><br>    Plaintiff,<br><br>    v.<br><br>Corizon Health Services, *et al.*<br><br>    Defendants. | Case No.  2:18-cv-01828-JJT-DMF<br><br>**DEFENDANT RYAN'S MOTION FOR SUMMARY JUDGMENT RE INJUNCTIVE RELIEF CLAIMS** |

Defendant Charles L. Ryan, with respect to injunctive relief, by and through undersigned counsel, hereby moves for summary judgment in his favor on Plaintiff's claims for injunctive relief, which are now moot, in light of Plaintiff's release from prison. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   RELEVANT FACTS

In his Complaint, Plaintiff seeks relief in the nature of injunctive relief, to include a surgery and to be seen regularly by a neurologist, and he states that Defendants are being malicious and deliberately indifferent to his serious medical needs. Statement of Facts ("SOF"), ¶ 1, filed simultaneously herewith. After various briefing on matters between Plaintiff and the other Defendants, on August 1, 2019, Plaintiff filed a Motion for Preliminary Injunction, in which Plaintiff alleged that he had his pain medications improperly discontinued; that he has not been provided a required wheelchair; and, that he had not been provided a required follow-up consultation for back surgery. SOF ¶ 2. He also

argued that the neurologist recommendations were not being followed. SOF ¶ 2. At that point, Defendant Ryan, with respect to the newly sought injunctive relief was added and undersigned counsel appeared on his behalf. SOF ¶ 3. After additional briefing on Plaintiff's Motion for Injunction, this Court entered an Order and Order to Show Cause requiring Defendants to respond further regarding aspects of the injunctive relief sought, and Defendants complied. SOF ¶ 4. There were various other briefs filed by Plaintiff, some of which the Court also recently addressed, including Plaintiff's notification to the Court that he was released from prison on September 15, 2019, and is now living in Michigan. SOF ¶ 5. However, this Court has made no other rulings or findings with respect to Defendants' responses/notifications per the Order and Order to Show Cause. SOF ¶ 6.

Plaintiff has been released and his probation terms allow him to live in Michigan and be supervised on probation there, by Michigan authorities. SOF ¶ 7. Plaintiff would thus only ***possibly*** be placed back in ADOC custody again if he commits a new criminal violation, has ongoing probation violations or absconds from probation in the next three (3) years. SOF ¶ 8. In other words, Plaintiff would have to commit a new crime and be caught, during the next three years, abscond from probation (and be caught) or commit continuous violations of the terms of his probation (and be caught doing such) in order for Michigan to potentially ask Arizona to take back custody of Mr. Poeppe. SOF ¶ 9. Indeed, Michigan would then have to make that request or demand of Arizona, since it is not automatic.

## II.     ARGUMENT

### A.     Summary Judgment Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). The movant must inform the court of the basis for its motion, and identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Id*.

The movant can also discharge its initial burden by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

If the movant meets this burden, the party opposing summary judgment must offer evidence of specific facts sufficient to raise a genuine issue for trial. *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A pro se plaintiff cannot rely only on his allegations but must support his complaint by presenting significant and probative evidence. *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). The nonmoving party must go beyond the pleadings and by his own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50. As elaborated below, even when viewing the facts in a manner most favorable to Plaintiff, the Court should enter summary judgment in Defendant Ryan's favor regarding injunctive relief claims.

### B. Plaintiff's Injunctive Relief Claims Are Moot Due To His Release From Prison

A case is moot, and, therefore, a court lacks jurisdiction if there is no longer a "live" controversy between the parties; they lack a "legally cognizable interest in the outcome." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A prisoner's release from prison often moots his claims for declaratory or injunctive relief because his injury could not be redressed by changes in the institution's rules, unless the case is a certified class action. *E.g., Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). As acknowledged by Plaintiff, he has been

released from Lewis Prison and now lives in Michigan. As such, the pending injunctive relief claims should be dismissed as moot.

And there are only limited exceptions to the mootness doctrine in this regard. If a matter comes before the court that is "capable of repetition but evading review," it is considered a live controversy within the jurisdiction of the court. *E.g., Demery*, 378 F.3d at 1026-27. However, this exception only applies "when (1) the duration of the challenged action is too short to be litigated prior to cessation, and (2) there is a reasonable expectation that the same parties will be subjected to the same offending conduct." *Id.* at 1026 (citing *Spencer v. Kemma*, 523 U.S. 1, 17-18 (1998)). This exception to the mootness doctrine is also appropriate only in "exceptional situations." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

The other exception recognized by the Ninth Circuit is one that is based on certain situations analogized to the class-action context, such that release will not moot the injunctive relief claims if the challenged government policies are on-going and threaten to infringe the rights of others similarly situated. *United States v. Brandau*, 578 F.3d 1064, 1067-68 (9th Cir. 2009); *United States v. Howard*, 480 F.3d 1005, 1009-10 (9th Cir. 2007) *overruled on other grounds by United States v. Sanchez-Gomez*, 859 F.3d 649 (9th Cir. 2017) *vacated and remanded on other grounds by U.S. v. Sanchez-Gomez*, 138 S.Ct. 1532 (2018); *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1116-18 (9th Cir. 2003); *United States v. Brandau*, 578 F.3d 1064, 1067-68 (9th Cir. 2009). Neither of these exceptions apply to Plaintiff.

**C.     Not Capable of Repetition, Yet Evading Review**

Plaintiff cannot satisfy the second prong of the first exception because there is no reasonable expectation that the same parties will be subjected to the same offending conduct. *Demery*, 378 F.3d at 1026. The Supreme Court has defined "reasonable expectation" in this context to mean a "demonstrated probability" rather than a "mere physical or theoretical possibility." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Specifically, the question is whether the record demonstrates a "reasonable expectation"

4

that Plaintiff will return to ADOC custody and, thereby, be subjected to conditions that he contends infringed upon his constitutional right to adequate medical care.

As noted above, Plaintiff now lives in Michigan and reports to a probation officer there. Plaintiff would thus only *possibly* be placed back in ADOC custody again if he commits a new criminal violation, has ongoing probation violations or absconds from probation. In other words, Plaintiff would have to commit a crime (and be caught) in the next three (3) years, abscond from probation (and be caught) or commit continuous violations of the terms of his probation (and be caught doing such) in order for Michigan to *maybe* ask Arizona to take back custody of Mr. Poeppe. Indeed, Michigan would then have to make that request or demand of Arizona. And because Plaintiff is able and, in fact, is required by law not to violate the conditions of his post-prison supervision and not to commit any new crime, the Court will not presume for purposes of this mootness analysis that Plaintiff will do otherwise. *See Reimers v. State of Oregon,* 863 F.2d 630, 632 (9th Cir. 1988) ("In this case, the possibility of recurrence . . . depends on [Plaintiff] committing another crime. Thus, we will not apply the repetition doctrine because [Plaintiff] is able, and indeed is required by law, to prevent this from occurring.").

Accordingly, since it is only a mere possibility, there is no reasonable expectation that Mr. Poeppe would be returned to an ADOC facility, such that he could then be re-exposed to the allegedly offending conduct about which he complains in this litigation. Plaintiff's circumstances do not establish a "demonstrated probability" that Plaintiff will again be subjected to ADOC custody. *Id.; see also Pierce v. Thomas,* No. 08-CV-705-MA 2009, WL 2476606, at *3 (D. Or. Aug. 10, 2009) ("[C]ourts have been reluctant to find a reasonable probability of repetition where the action will be repeated based on the petitioner's own wrongdoing.").

### D. Not Analogous To A Class Action

Even if his injunctive claims are moot, Plaintiff may argue that, similar to a class action, the Court still has jurisdiction to consider the injunctive relief claims if the allegedly improper handling of medical treatment of which he complained is based on policies still in

5

effect and other similarly situated inmates may suffer the same alleged violation of their constitutional rights. However, this exception, which is carved out in *Howard, Brandau*, and *Mink*, is a limited extension of the rule regarding certified classes, as applied to groups of challengers that have not been certified as a class, but who, nevertheless, represent individuals still affected by the on-going government policy. Plaintiff's case does not fall within the parameters of this extension of the class action exception.

In *Howard*, the Ninth Circuit cited the Supreme Court's decision in *Gerstein v. Pugh* to support its extension of this exception to a group of seventeen inmates whose exposure to the challenged federal court's policy requiring leg shackles for inmates making courtroom appearances was long past. 480 F.3d at 1009-10. In *Gerstein*, the Court applied this "narrow" exception to a class action in which the class members were no longer subject to the policy at issue, but the "constant existence of a class of persons suffering the deprivation is certain" and the public defender who represented the class had other potentially affected clients. 420 U.S. 103, 111 n. 11 (1975). Relying on *Gerstein* to support its extension of the exception, the Ninth Circuit concluded in *Howard* that its case was "materially similar to a class action in which the class representative's claims may become moot, but there are members of the class whose claims are not moot." *Id.* at 1010.

The Ninth Circuit similarly applied this exception in *Mink,* in which one of the plaintiffs was a nonprofit organization suing the government on behalf of mentally incapacitated criminal defendants. 322 F.3d at 1118. In applying the exception to an organization's challenge to a government policy, the Ninth Circuit once again relied on *Gerstein. Id.* at 1117-18 ("[h]ere, as in *Gerstein*, the . . . constant existence of [Oregon Advocacy Center's] constituents suffering the deprivation is certain.").

Here the record does not show this matter is "materially similar to a class action," nor that Plaintiff represents the interests of other inmates generally. The record clearly reflects Plaintiff was incarcerated with numerous other inmates, whose medical care would also be overseen by the ADOC, but Plaintiff was not joined by any of them at any point in this action, nor did Plaintiff seek to certify a class to challenge ADOC's policies.

1  Moreover, Plaintiff is not a part of an organization whose interests are affected by the
2  outcome of this case as in *Mink*. And Plaintiff' is unrepresented, so he does not have legal
3  counsel who is a public defender with numerous clients whose interests are at stake in the
4  outcome of this action, as was the case in *Howard* and *Gerstein. See* 480 F.3d at 1010; 420
5  U.S. at 111 n. 11.

Accordingly, this narrow extension of the class action exception also does not apply to Plaintiff, and indeed, if it were applied as such, it would functionally subsume the well-established rule that a prisoner's release from the institution against which he seeks injunctive or declaratory relief moots the prisoner's claim.

## III. CONCLUSION

For these reasons, Defendant Ryan, in his official capacity and with respect to injunctive relief, respectfully requests that the Court dismiss Plaintiff's injunctive relief claims as moot.

RESPECTFULLY SUBMITTED this 16th day of October, 2019.

        BROENING OBERG WOODS & WILSON, P.C.

        By: /s/ Sarah L. Barnes
            Sarah L. Barnes
            2800 North Central Avenue
            Suite 1600
            Phoenix, Arizona 85004
            Attorneys for Defendant Charles L. Ryan

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2019, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, with copies submitted by U.S. mail to the following recipients:

Kirk Poeppe
9260 Pine Knob Road
Clarkston, MI 48348
*Plaintiff Pro Se*

Anthony Joseph Fernandez
Nichole Lynn Rowey
Quintairos Prieto Wood & Boyer PA
2390 E Camelback Rd., Ste. 440
Phoenix, AZ 85016
*Counsel for Corizon Defendants*

/s/ Kathy Lake